UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-1 KASHYAP PATEL<br>   a/k/a MANOJ PANCHOLI,<br><br>Defendant.<br>_____/ | CRIMINAL NO. 04-80860<br>HONORABLE: PAUL D. BORMAN<br><br>OFFENSE: 18 USC §1543, FALSE USE OF A PASSPORT<br><br>STATUTORY INCARCERATION PERIOD: Up to 10 years<br><br>STATUTORY FINE AMOUNT: Up to $250,000 |

FILED
DEC 0 9 2004
CLERK'S OFFICE
DETROIT



FILED
DEC 9 - 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney") (collectively "the parties") agree as follows:

1. <u>Guilty Plea.</u>

   A. Defendant will plead guilty to count <u>one</u> of the information. Any other counts against defendant in this case will be dismissed. Defendant

acknowledges that the court may consider these other counts and any other relevant conduct in determining the appropriate sentence.

B. The elements of the offense(s) that the government would need to prove beyond a reasonable doubt at trial are:

1. The defendant knowingly possessed an English Passport issued in the name of another individual, but bearing his photograph;

2. The passport is a document prescribed by statute and regulation for entry into, and as evidence of authorized stay in the United States;

3. The defendant knew the passport to have been unlawfully obtained and used it to gain entry into the United States by presenting the document to an Inspector of the U.S. Bureau of Customs and Border Protection.

C. The parties stipulate to the following, which the government is prepared to prove, as an accurate factual basis for defendant's guilty plea:

> On or about October 16, 2004, in the Eastern District of Michigan, defendant, Kashyap Patel, a/k/a Manoj Pancholi, knowingly used and attempted to use an altered English Passport, in that the defendant knew that the passport was issued in the name of another individual and further that he presented the said passport to an Inspector of the Bureau of Customs and Border Protection, of the Untied States Department of Homeland Security at Detroit Metropolitan Airport, to gain entry into the United States.

A. <u>Imprisonment</u>. Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of imprisonment within the range of 0-6 months to be followed by a term of supervised release of at least 2 but not more than 3 years, is an appropriate disposition of the case. The parties further agree that they will not seek, recommend or advocate for a sentence outside of that range. If the court rejects this agreement because it is unwilling to impose a sentence of imprisonment within that range, any party may withdraw from the agreement, and defendant may also withdraw his guilty plea(s).

B. <u>Fine</u>. Pursuant to Rule 11(c)(1)(C), the U. S. Attorney agrees that a fine no higher than $5,000 is an appropriate disposition of the case.

C. <u>Supervised release violations</u>. The court will impose a term of supervised release to follow imprisonment. If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release. This agreement does not limit the sentence the court could impose in that situation.

D. <u>Special Assessment</u>. Defendant must pay a special assessment of $100 and must bring the receipt to court on the day of sentencing.

E. <u>Restitution</u>. N/A

3. <u>Defendant's Criminal History</u>: Defendant stipulates that the following criminal convictions represent his entire criminal history:

| Date of Offense | Offense of Conviction | Jurisdiction | Sentence |
|---|---|---|---|
| none | | | |

Defendant agrees that if the foregoing does not accurately and completely reflect his entire criminal history, the U. S. Attorney may withdraw from the agreement.

4. **Subsequent challenges to conviction or breach of agreement.**

   A. If at any time defendant tries to withdraw the guilty plea to any count; attacks the validity of the conviction on any count; or fails to comply with the terms of the agreement, the U. S. Attorney is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed to dismiss or not to bring. In addition, if defendant's conviction on any count is vacated, the U. S. Attorney may request resentencing on any remaining count.

   B. Defendant waives a double jeopardy defense as to any charges the U. S. Attorney brings or pursues under the previous paragraph. Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of the plea, vacating the plea, or reversing the conviction on any count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

5. <u>Defendant's waiver of jury trial and appeal rights</u>. By entering into this plea agreement and pleading guilty, defendant waives any and all rights he may have under the Sixth Amendment to have the pertinent facts of his case determined by a jury. If the court imposes a sentence within the range described in ¶ 2 of this agreement, defendant further waives any right he may have to appeal his conviction or sentence.

6. <u>No other terms</u>. This document is the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case. It does not prevent any civil or administrative actions against defendant or any property by the U. S. Attorney or any other party. There are no other parties to this agreement.

7. <u>Acceptance of agreement</u>. This offer automatically expires unless it has been received (fully signed) in the Office of the U.S. Attorney by 5:00 P.M. on

<u>December 10, 2004</u>. The U.S. Attorney reserves the right to modify or revoke the offer prior to defendant's plea of guilty.

CRAIG A. MORFORD
United States Attorney

Dated: 12/1/2004

_____
Sheldon Light (P28798)
Assistant U. S. Attorney

Dated: 12/8/04

_____
Graham L. Teall (P40645)
Assistant U. S. Attorney

By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his attorney's advice and representation.

Dated:

_____
Kashyap Patel
Defendant

Dated: 12/9/04

_____
Stacey Studnicki (P45133)
Attorney for Defendant

# WORKSHEET A   (Offense Levels)

Defendant: __Kasyap Patel, aka Manoj Pancholi__     Count(s): ____One____

Docket No.: __04-80860__     Statute(s): __18 U.S.C. 1543__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2L2.2 | False Use of a Passport | 8 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.     **8**

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*     [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*     [X]

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                                    [   ]        [   ] unit

2. **GROUP TWO: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                                    [   ]        [   ] unit

3. **GROUP THREE: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                                    [   ]        [   ] unit

4. **GROUP FOUR: COUNTS** _____
   **ADJUSTED OFFENSE LEVEL**                                    [   ]        [   ] unit

5. **TOTAL UNITS**                                                              [   ] units

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit → no increase | 2½-3 units → add 3 levels |
   | 1½ units → add 1 level | 3½-5 units → add 4 levels |
   | 2 units → add 2 levels | >5 levels → add 5 levels |

                                                                               [   ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**                              [   ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**                           [   ]

   Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____

1. **PRIOR SENTENCES**

   **Prior Sentence of Imprisonment Exceeding 13 Months** (U.S.S.G. §§ 4A1.1(a)):   **3 POINTS**

   Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

   **Prior Sentence of Imprisonment of at Least 60 Days** (U.S.S.G. §§ 4A1.1(b)):   **2 POINTS**

   Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

   **Other Prior Sentences** (U.S.S.G. §§ 4A1.1(c)):   **1 POINT**

   Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | _____ | _____ | ☐ |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*  A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

3. **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

4. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

5. **TOTAL CRIMINAL HISTORY POINTS**        0

   Enter the sum of the criminal history points entered in Items 1-4.

6. **CRIMINAL HISTORY CATEGORY**        I

   | Total Criminal History Points | Criminal History Category |
   |---|---|
   | 0 – 1 | I |
   | 2 – 3 | II |
   | 4 – 6 | III |
   | 7 – 9 | IV |
   | 10 – 12 | V |
   | ≥ 13 | VI |

   (rev. 06/99)

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**  —  **8**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**  —  **-2**

3. **TOTAL OFFENSE LEVEL**  —  **6**

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**  —  **I**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**  —  **0-6 months**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

    ☐ 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    ☒ 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    ☐ 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

    1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    ☒ 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    ☐ a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    ☒ b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

   ☐ 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment > 25 years.

   ☒ 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐ 4. The statute of conviction requires a minimum term of supervised release of 10 years.

   c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

   ☐ 1. The court will determine whether restitution should be ordered and in what amount.

   ☐ 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

   ☐ 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

   ☐ 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

   ☐ 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (See U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (See U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (See U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 500 | $ 5,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

- $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
- $ 25.00 for every count charging a Class A misdemeanor,
- $ 10.00 for every count charging a Class B misdemeanor, and
- $  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ 100 .

## 8. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 9. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

(rev. 06/99)